IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE CO., As Assignee of Ann Wells, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. G-07-0561 |
| S.H.R.M. CATERING SERVICES, INC., a/k/a Eurest Support Services, Defendant. | § § § § | |

# **MEMORANDUM AND ORDER**

This maritime case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant S.H.R.M. Catering Services, Inc., a/k/a Eurest Support Services ("Eurest"). Plaintiff Lexington Insurance Company, as Assignee of Ann Wells ("Lexington") filed a Response [Doc. # 11], and Defendant filed a Reply [Doc. # 12]. Having reviewed the full record and the limited legal authority, the Court grants the Motion to Dismiss.

## **I.   BACKGROUND**

In 2005, Ann Wells sued Diamond Offshore Drilling Services, Inc. ("Diamond") for injuries she sustained while employed by Eurest and working aboard the M/V OCEAN LEXINGTON. Eurest was not a party to the lawsuit, but Eurest was obligated to defend and insure Diamond in Wells's lawsuit. Lexington, as Eurest's

insurer, defended and indemnified Diamond against Wells's claims. Wells and Diamond settled the lawsuit pursuant to a settlement agreement under which Lexington claims to have obtained an assignment of Wells's personal injury claim against Eurest, Lexington's insured.

Relying only on the purported assignment, Lexington filed this lawsuit against Eurest under the Jones Act and general maritime law, invoking the Court's admiralty jurisdiction. Eurest filed its Motion to Dismiss, arguing that the purported assignment is invalid and provides no basis for Lexington to sue Eurest for Wells's personal injuries. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. ANALYSIS

Eurest seeks dismissal of this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal under Rule 12(b)(6) is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002). Eurest argues that, accepting the allegations in the complaint as true, Lexington is not entitled to relief because its assignment from Wells is invalid under maritime law.

The dispositive issue is whether an assignment of an unliquidated personal injury claim is valid under maritime law. The case law on this issue is sparse, but

persuasive. In cases from the Southern District of Texas and the Middle District of Florida, district courts have held unequivocally that personal injury claims are non-assignable in admiralty cases. *See Ondimar Transportes Maritimos, LTDA v. Beatty St. Props., Inc.*, __ F. Supp. 2d __, 2008 WL 45793 *8 (S.D. Tex. Jan. 2, 2008) (Rosenthal, J); *Boney v. Interocean Ugland Mgmt. Corp.*, 97 F. Supp. 2d 799, 800 (S.D. Tex. 2000) (Kent, J); *Casino Cruises Inv. Co. v. Ravens Mfg. Co.*, 60 F. Supp. 2d 1285, 1288 (M.D. Fla. 1999) (Sharp, J). The decision in *Casino Cruises* is particularly instructive because, as in the case at bar, an insurer was attempting to sue based on an assignment of unliquidated personal injury claims.

Plaintiff's reliance on cases involving "Mary Carter" agreements is misplaced. The settlement agreement in this case did not involve a "Mary Carter" agreement. A plaintiff in a lawsuit may settle with one defendant and proceed to trial against a remaining defendant pursuant to a "Mary Carter" agreement pursuant to which the settling defendant is entitled to reimbursement to some degree from any recovery the plaintiff receives from the non-settling defendant. *See, e.g., Wilkins v. P.M.B. Sys. Eng'g, Inc.*, 741 F.2d 795, 798 n.2 (5th Cir. 1984). The assignment in the case at bar, however, was a purported assignment to an insurance company of unliquidated personal injury claims against a third-party, non-defendant. Such assignments are invalid and Plaintiff's lawsuit based on the purported assignment must be dismissed.

### III.   CONCLUSION AND ORDER

The purported assignment to Lexington of Wells's personal injury claims against Eurest was invalid under maritime law.  Consequently, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED**.  The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **28th**  day of **February, 2008**.

_____
Nancy F. Atlas
United States District Judge